# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00519 -1 TFH |
| v. | **MEMORANDUM IN AID OF SENTENCING** |
| STEVEN C. BILLINGSLEY, | |
| DEFENDANT | |

COMES NOW, Steven Billingsley, through counsel Joseph Conte, pursuant to Federal Rule of Criminal Procedure 32 to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court impose a sentence of one years probation and community service.

## IMPOSITION OF SENTENCE

This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

In determining the sentence to be imposed this court must consider the §3553(a) factors. Those are:

**A. The Nature and Circumstances of the Offense.**

*United States v. Steven Billingsley*
Case No. 1:21cr00519 TFH

Memorandum in Aid of Sentencing
Page No. 1

SENT MEMO RIOT 22/11/30 10:51:38

Law Office of Joseph R. Conte
8251 NW 15TH Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

Mr. Billingsley plead guilty to Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. §1752(a)(2). A Class A misdemeanor. Mr. Billingsley had strongly held beliefs after the Presidential election that there had been irregularities in the election that were not proper. He decided to come to D.C. to protest the results of the election and the lack of attention to alleged voting irregularities. He did so with no intent to do anything but add his voice to the vocal protests over the injustice he perceived had happened in the election. He was not armed, and he committed no violent actions in his peaceful protest. Nor did he vandalize or destroy any property. Mr. Billingsley never entered the Capitol Building.

Of special note is the fact that Mr. Billingsley never entered the Capitol. special note is the fact that Mr. Billingsley never entered the Capitol. As this court is aware, hundreds of individuals have been charged in the January 6, 2021, riot at the Capitol. Most of the rioters who entered the building and did not assault the police or damage any property were charged with four (4) misdemeanors. Entering and Remaining in a Restricted Building in violation of 18 U.S.C. §1752(a)(1), Disorderly and Disruptive Conduct in a Restricted Building in violation of 18 U.S.C. §1752(a)(2), Violent Entry and Disorderly Conduct in a Capitol building in violation of 40 U.S.C. §5104(e)(2)(D) and, Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(G). In a vast majority of those cases the defendants were offered, and many have accepted, plea offers to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(G). A Class B misdemeanor with a maximum sentence of six (6) months incarceration. Mr. Billingsley never

*United States v. Steven Billingsley*
Case No. 1:21cr00519 TFH

Memorandum in Aid of Sentencing
Page No. 2

SENT MEMO RIOT 22/11/30 10:51:38

Law Office of Joseph R. Conte
8251 NW 15TH Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

entered the Capitol and therefore is precluded from this Class B misdemeanor. Nor is any Class B misdemeanor available to Mr. Billingsley.

### B. History and Characteristics of the Defendant.

Mr. Billingsley is 46 years old and a resident of Ohio. Mr. Billingsley has one criminal conviction stemming from a fight with his brother. He is employed, full time as a truck driver. He is single with no dependents. He is in a long-term relationship. He has entered an early plea and accepts responsibility for his actions on January 6, 2021.

### C. The Need for the Sentence imposed –

#### 1. To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.

The offense Mr. Billingsley plead guilty to is a misdemeanor. A period of probation will still reflect the seriousness of the offense, promote respect for the law and provide just punishment. As the Supreme Court has noted probation involves a "substantial restriction of freedom." *United States v. Gall,* 128 S.Ct. 586, 595 (2007). "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 583 US. 868, 874 (1987).

*United States v. Steven Billingsley*
Case No. 1:21cr00519 TFH

Memorandum in Aid of Sentencing
Page No. 3

SENT MEMO RIOT 22/11/30 10:51:38

Law Office of Joseph R. Conte
8251 NW 15TH Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

      **2.**      **To afford Adequate Deterrence to Criminal Conduct, and**

      **3.**      **To Protect the Public from Further Crimes of the Defendant.**

This is Mr. Billingsley's second contact with the criminal justice system. His firs contact, a conviction for Domestic Violence, stemmed from a fight with his brother. A sentence of probation with community service, will provide adequate deterrence to Mr. Billingsley. In addition, a sentence of probation and community service will provide general deterrence to the public.

      **4.**      **To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

Mr. Billingsley is a well-established truck driver and is not in need of any educational or vocational training. Nor does he require medical care or other correctional treatment.

      **D.**      **The Kind of Sentences Available, and**

      **E.**      **The Kinds of Sentence and the Sentencing Range Established By the Guidelines.**

As this is a Class A misdemeanor the Federal Sentencing Guidelines apply. The sentencing range as provided by the guidelines is 0-6 months. He is in Zone A of the guidelines. This court is free to impose any sentence that is ". . .

*United States v. Steven Billingsley*
Case No. 1:21cr00519 TFH

Memorandum in Aid of Sentencing
Page No. 4

SENT MEMO RIOT 22/11/30 10:51:38

Law Office of Joseph R. Conte
8251 NW 15TH Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

### F. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.

A sentence of probation would be consistent with other capitol riot defendants similarly situated. *See, e.g., United States v. Valerie Ehrke*, 21-CR00097 (PLF), 36 months probation; *United States v. Danielle Doyle,* 21-CR-00324 TLM, 2 (two) months probation, $3,000.00 fine; *United States v. Eliel Rosa,* 21-CR-00068 TNM, 12 months probation, 100 hours community service; *United States v. Thomas Gallagher*, 21-CR-00041 CJN, 24 months probation, 60 hours community service.

### CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) citing *Koon v. United States*, 518 U.S. 81, 113 (1996). The defendant's case is unique. He is a 46 year old offender caught up in the madness that was January 6, 2021. Mr. Billingsley has a steady job and stable relationship.

*United States v. Steven Billingsley*
Case No. 1:21cr00519 TFH

Memorandum in Aid of Sentencing
Page No. 5

SENT MEMO RIOT 22/11/30 10:51:38

Law Office of Joseph R. Conte
8251 NW 15TH Ct.
Coral Springs, FL 33071
Phone: 202.638.4100
Email: dcgunlaw@gmail.com

As set out above a sentence of probation and community service will satisfy the 18 U.S.C. §3553(a) factors.

Dated:  November 30, 2022

                                                  Respectfully submitted,

                                                  _____
                                                  Joseph R. Conte, Bar #366827
                                                  Counsel for Steven Billingsley
                                                  Law Office of J.R. Conte
                                                  8251 NW 15th Ct.
                                                  Coral Springs, FL  33071
                                                  Phone:         202. 236.1147
                                                  E-mail:         dcgunlaw@gmail.com

*United States v. Steven Billingsley*
Case No. 1:21cr00519 TFH

Memorandum in Aid of Sentencing
Page No. 6

SENT MEMO RIOT 22/11/30 10:51:38

Law Office of Joseph R. Conte
8251 NW 15TH Ct.
Coral Springs, FL  33071
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com